UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL BROWN, III | CIVIL ACTION |
| VERSUS | NO: 23-7248 |
| MARTEN TRANSPORT, LTD., ET AL. | SECTION: "J"(4) |

### ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiff, Daniel Brown, III and an opposition thereto (Rec. Doc. 6) filed by Defendant, Marten Transport LTD, Inc. ("Marten"). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

This suit arises out of a motor vehicle accident between Plaintiff and Willie Brown ("Brown"), an employee of Marten Transport, Ltd. ("Marten"). Plaintiff claims that Brown caused the accident through his negligence while operating a vehicle owned by Marten during the course and scope of his employment. On August 22, 2023, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans that named Marten, Ace American Insurance Company ("Ace"), and Brown as Defendants. Plaintiff Brown and Defendant Brown are both citizens of the state of Louisiana. Defendant Marten is incorporated in the state of Delaware with its principal place of business in Wisconsin. Defendant Ace is incorporated in the state of Pennsylvania with its principal place of business in Pennsylvania.

On December 8, 2023, before Defendant Brown was served, Marten removed the case to this Court, "asserting that removal was proper under the forum-defendant rule because Brown, a citizen of the forum state, had not been served." (Rec. Doc. 6, at 3). However, Marten now acknowledges that there is no complete diversity of citizenship between the parties and states that it "confuse[d] the jurisdictional requirement of complete diversity with the procedural character of snap removal." *Id.* (quoting *Baptiste v. Ritz-Carlton Hotel Co., L.L.C.*, No. 22-96, 2022 WL 950704, at *2 (E.D. La. Mar. 30, 2022)). Accordingly, as both parties now concede, this matter must be remanded for further proceedings to the Civil District Court for the Parish of Orleans.

Plaintiff also asserts that because of the time and expense devoted to preparing the instant motion to remand, this Court should award him attorney's fees and costs as allowed by 28 U.S.C. § 1447(c). The United States Supreme Court set forth the standard for awarding attorney's fees under § 1447(c):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Marten v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Marten argues that their removal was neither frivolous nor in bad faith, but instead

constituted a mistake of law which many other litigants have made before. Marten points to *Baptiste v. Ritz-Carlton Hotel* in which Judge Milazzo of this District evaluated an identical mistake in removal and declined to award attorney's fees and costs. Judge Milazzo reasoned that previous litigants have made the same mistake of confusing the law of snap removal and the forum-defendant rule and therefore could not find that the defendant totally lacked an objectively reasonable basis for seeking removal. *Id.* at *5. Likewise, in this case, Marten freely acknowledges that it made an error in removing this action and that this Court lacks jurisdiction over the matter. In requesting attorney's fees, Plaintiff does not assert that Marten engaged in any bad faith or even perpetrated any particularly egregious or uncommon mistake. Therefore, this Court cannot find reason to penalize Marten for a mistake countless litigants have made in other cases.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is **GRANTED in part,** and the case is **REMANDED** to the Civil District Court, Orleans Parish. However, Plaintiff's motion is **DENIED** as to his request for attorney's fees and costs.

New Orleans, Louisiana, this 28th day of March, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE